**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA**

**CASE NO.:**
**DIVISION:**

**MATTHEW D. SATTERWHITE,**
    Plaintiff,

vs.

**PUBLIX SUPER MARKETS, INC.,**
    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Matthew D. Satterwhite, by and through undersigned counsel hereby files this Complaint against Defendant Publix Super Markets, Inc. and in support thereof states as follows:

## PARTIES

1. Plaintiff, Matthew D. Satterwhite (hereinafter "Plaintiff"), is an individual who is currently, and was at all relevant times herein, a resident of the State of Florida, County of Clay, City of Orange Park, residing at the following address: 481 Thornberry Road, Orange Park, Florida 32073.

2. Defendant, Publix Super Markets, Inc. (hereinafter "Defendant"), is a corporation who is currently, and was at all relevant times herein, incorporated and operating within the State of Florida, with the principal address: 3300 PUBLIX CORPORATE PKWY, LAKELAND, FL 33811.

3. Plaintiff was employed by Defendant at Defendant's grocery store located at the following address: 6001 Argyle Forest Blvd. Suite #45, Jacksonville, Florida 32244.

## BASIS FOR JURISDICTION

This action is brought for discrimination in employment pursuant to comply with the provisions of Title I of the Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat. 330, 42 U. S. C. §§ 12111-12117, and The Florida Statutes, Title XLIV Civil Rights Chapter 760, Discrimination in the Treatment of Persons; Minority Representation, Part I Florida Civil Rights Act (ss. 760.01-760.11).

## STATEMENT OF CLAIM

1. Plaintiff Matthew D. Satterwhite, is a disabled individual, (1) he is disabled; (2) he is a qualified individual; someone with a disability who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); and (3) he was subjected to unlawful discrimination because of his disability. *See* Holly v. Clairson Industries, LLC, 492 F. 3d 1247.

2. Plaintiff Matthew D. Satterwhite ("Plaintiff") filed this lawsuit against his former employer Publix Super Markets, Inc. ("Defendant") alleging violations of discrimination at place of employment pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117. Plaintiff, who has disabilities of Autism, Bipolar, Schizoaffective-Bipolar, with his last evaluation and diagnosis by Dr. Alexander Fariborzian, MD at Clay Behavioral Center on August 19, 2020.

3. "A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job

performance, discourage employees from remaining on the job, or keep them from advancing in their careers. " *See* Harris v. Forklift Systems, Inc., 510 US 17.

4. In April 2020, the Plaintiff who is disabled, applied for employment with Defendant.

5. Plaintiff, who has years of prior work experience in a similar position, commenced employment with Defendant as a Front-end service clerk, bagging groceries as of April 07, 2020, until March 2021.

6. In early July 2020, Plaintiff inquired with Steve Phillips, Store Manager (hereinafter referred to as "Phillips"), in regards the length of employment necessary to be promoted to another position. Plaintiff was advised by Phillips that promotion would occur after two (2) years of employment. Contrary to the statements of Phillips, a new non-disabled employee was promoted after working for Defendant after two (2) weeks—although Plaintiff had more seniority and applied for said position prior to the aforementioned new employee.)

7. Plaintiff then went to Alaina Osborne, Grocery Manager (hereinafter referred to as "Osborne"), with a second request for a promotion within the company.  Osborne replied, "No! I don't have any open positions for you!"

8. In August 2020 there was an open position as a Grocery (stock) clerk associate. Plaintiff inquired about the open position on two different occasions once to Osborne and once to Anna Griswold, Front-End Supervisor (hereinafter referred to as "Griswold").  Both requests were denied, and Plaintiff was told that there were no open positions currently available.

9. Specifically, Griswold stated to Plaintiff that he was "too dumb" for that position, and Plaintiff should "just be glad [he has] a job right now."

10. Subsequently, Osbourne hired two new non-disabled employees for that same open position as Grocery Clerks.

11. Further, in retaliation Griswold demoted Plaintiff without notice or cause to a janitorial and sanitation position--scrubbing the floors with a machine and cleaning the restrooms. Similar to the plaintiff in Brady v. Wal-Mart Stores, Inc. when Wal-Mart transferred Brady from the pharmacy to the parking lot on the basis of the plaintiff's disability. *See* Brady v. Wal-Mart Stores, Inc., 531 F. 3d 127.

12. When Plaintiff spoke to Phillips about the reasoning for the demotion, Plaintiff was told the janitor retired and that said janitorial duties were now Plaintiff's responsibility.

13. Subsequently, Plaintiff's regular shift hours were decreased.

14. Thereafter, Griswold hired two (2) new employees for the janitorial and sanitation position and moved the Plaintiff to a front-end service clerk--still without a pay increase.

15. In September 2020, Plaintiff filed an internal complaint with Human Resources Representative Dee McGee (hereinafter referred to as "McGee".) McGee verified that the Plaintiff did meet the qualifications for said Grocery Clerk to which Plaintiff applied.

16. As a result of said internal complaint, Plaintiff was transferred to the Grocery Clerk position; however, Plaintiff was only scheduled for one (1) day a week for 2-3 hours per shift. The Plaintiff was not given any reasonable accommodations for training, no pay increase (which was already below the current position pay grade) and was denied adequate store equipment of the Publix Pro App, a remote device used by the grocery clerk to help locate where items go in store and to help customers search for items. For the remainder of Plaintiff's shift, Plaintiff was scheduled as a Bagger. *See* Holly v. Clairson Industries, LLC, 492 F. 3d 1247.

17. When Plaintiff inquired about more shift hours as Grocery Clerk and proper training on Publix Pro App, McGee changed Plaintiff's shift to three (3) days per week as a Grocery clerk. Still, Plaintiff received no reasonable accommodations for training from September 2020-October 2020.

## **DISCRIMINATION**

1. Here, due to Plaintiff's disability, Plaintiff needed reasonable accommodations from his employer. The ADA imposes liability on an employer for "not making reasonable accommodations to the *known* physical or mental "limitations" of an employee. 42 U.S.C. § 12112(b)(5)(A) (emphasis added). Because an employee's disability and concomitant need for accommodation are often not known to the employer until the employee requests an accommodation, the ADA's reasonable accommodation requirement usually does not apply unless "triggered by a request" from the employee. Henry Perrett, Jr., 1 *Americans With Disabilities Act Handbook,* § 4.17, at 121 (3d ed.1997) (collecting cases). The employee's request must be "sufficiently direct and specific," giving notice that he needs a "special accommodation." Reed v. LePage Bakeries, Inc., 244 F. 3d 254 - Court of Appeals, 1st Circuit 2001.

2. Plaintiff requested to be transferred back to the Front-end Clerk due to "inability to perform the job adequately." Griswold retaliatorily transferred Plaintiff to a Cashier position at the fast-paced express lane.

3. Plaintiff's disability diagnoses documents are on file with Defendant's human resources; and Plaintiff's requests for reasonable accommodations while in training with a computer-based testing were ignored.

4. Over the course of Plaintiff's employment, Plaintiff was subjected to a hostile work environment, harassed by co-workers and berated with foul language for Plaintiff's inability to perform certain tasks that were beyond Plaintiff's medical restrictions.

5. Although Plaintiff attempted to resolve said hostilities in the workplace with Human Resources, said discriminatory practices and hostile acts persisted.

6. A work environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required. *See* Harris v. Forklift Systems, Inc., 510 US 17.

7. As a result of said hostilities, Plaintiff terminated his employment with Publix Super Markets in March 2021.

## CLAIMS FOR RELIEF

1. The discriminatory conduct of which Plaintiff's complaint includes:
    a. Unequal treatment for the terms and conditions of Plaintiff's employment.
    b. Failure to reasonably accommodate for Plaintiff's disability.
    c. Failure to promote Plaintiff.
    d. Failure to compensate accordingly.
    e. Emotional distress & harassment.
    f. Retaliation and unjust demotion of employment.

2. It is Plaintiff's best recollection that the alleged discriminatory acts occurred over the months of August 2020 to March 2021.

3. The Defendant is no longer committing these acts against the Plaintiff due to Plaintiff terminating his employment with Defendant in March 2021.

4. Defendant discriminated against Plaintiff based on his Disability. Such alleged conduct violates the Americans With Disabilities Act (ADA).

5. The US Equal Employment Opportunity Commission has adopted the findings of the state or local fair employment practices agency that investigated this charge.

## ADMINISTRATIVE REMEDIES

1. Plaintiff has filed a charge with the US Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct.

2. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter. The Notice of Right to Sue letter was dated on April 21, 2021.

## CERTIFICATION AND CLOSING

Plaintiff certifies to the best of Plaintiff's knowledge, information, and belief that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. S*ee* Harris v. Forklift Systems, Inc., 510 US 1;

2. Is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

3. The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The complaint otherwise complies with the requirements of applicable state law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Compensatory damages for the mental anguish and pain and suffering caused by the discrimination of Plaintiff's disability;

2. Punitive damages for the *discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.* 42 U.S.C. § 1981a(b)(1).

3. For an award of legal costs of this action provided by law and otherwise by court rule; and,

4. For such other and further relief as this honorable Court deems just and equitable.

**RESPECTFULLY SUBMITTED,** this 19th day of July, 2021.

**KEY LEGAL GROUP, P.A.**

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished to the Court to be forwarded to the process server this 19th day of July, 2021 to be served on the registered agent of Publix Supermarkets, Inc. listed below.

Publix Super Markets, Inc.
Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

**KEY LEGAL GROUP, P.A.**

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com

eFiled Date: 07/21/2021, Accepted: 07/21/2021 09:15 AM

Filing # 131082200 E-Filed 07/21/2021 09:11:17 A

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA

CASE NO.: 10-2021-CA-000616-CAAXXX
DIVISION: Discrimination Employment

MATTHEW D. SATTERWHITE,
Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,
Defendant.

_____/

**EXHIBIT**

| EXHBIT NUMBER | EXHIBIT DESCRIPTION |
|---|---|
| 1 | EEOC Notice of Suit Rights |

RESPECTFULLY SUBMITTED, this 21st day of July, 2021.

KEY LEGAL GROUP, P.A.

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com

Page 1 of 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished via U.S.P.S. certified mail to the registered agent of Publix Supermarkets, Inc. listed through below on this 21st day of July, 2021.

Publix Super Markets, Inc.
Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

KEY LEGAL GROUP, P.A.

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Matthew D. Satterwhite<br>481 Thornberry Rd.<br>Orange Park, FL 32073 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 15E-2021-00004 | Maria E. de Paz<br>State & Local Coordinator | (786) 648-5826 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Maria E. de Paz_ for
Paul V. Valenti,
District Director

April 21, 2021
(Date Issued)

Enclosure(s)

cc:
PUBLIX Super Markets, Inc.
c/o Vanessa Michael
Employment Law & Investigation
7350 Hazeltine National Drive
Orlando, FL 32828

Enclosure with EEOC
Form 161 (11/2020)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of **major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not** considered in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.