eFiled Date: 07/19/2021, Accepted: 07/20/2021 08:51 AM
Case 3:21-cv-00775-TJC-J_T   Document 5   Filed 08/10/21   Page 1 of 9 PageID 42

Filing # 130973729 E-Filed 07/19/2021 09:37:23 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA**

CASE NO.:
DIVISION:

**MATTHEW D. SATTERWHITE,**
    Plaintiff,

vs.

**PUBLIX SUPER MARKETS, INC.,**
    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Matthew D. Satterwhite, by and through undersigned counsel hereby files this Complaint against Defendant Publix Super Markets, Inc. and in support thereof states as follows:

## PARTIES

1. Plaintiff, Matthew D. Satterwhite (hereinafter "Plaintiff"), is an individual who is currently, and was at all relevant times herein, a resident of the State of Florida, County of Clay, City of Orange Park, residing at the following address: 481 Thornberry Road, Orange Park, Florida 32073.

2. Defendant, Publix Super Markets, Inc. (hereinafter "Defendant"), is a corporation who is currently, and was at all relevant times herein, incorporated and operating within the State of Florida, with the principal address: 3300 PUBLIX CORPORATE PKWY, LAKELAND, FL 33811.

 3. Plaintiff was employed by Defendant at Defendant's grocery store located at the following address: 6001 Argyle Forest Blvd. Suite #45, Jacksonville, Florida 32244.

## BASIS FOR JURISDICTION

This action is brought for discrimination in employment pursuant to comply with the provisions of Title I of the Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat. 330, 42 U. S. C. §§ 12111-12117, and The Florida Statutes, Title XLIV Civil Rights Chapter 760, Discrimination in the Treatment of Persons; Minority Representation, Part I Florida Civil Rights Act (ss. 760.01-760.11).

## STATEMENT OF CLAIM

1. Plaintiff Matthew D. Satterwhite, is a disabled individual, (1) he is disabled; (2) he is a qualified individual; someone with a disability who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); and (3) he was subjected to unlawful discrimination because of his disability. *See* Holly v. Clairson Industries, LLC, 492 F. 3d 1247.

2. Plaintiff Matthew D. Satterwhite ("Plaintiff") filed this lawsuit against his former employer Publix Super Markets, Inc. ("Defendant") alleging violations of discrimination at place of employment pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117. Plaintiff, who has disabilities of Autism, Bipolar, Schizoaffective-Bipolar, with his last evaluation and diagnosis by Dr. Alexander Fariborzian, MD at Clay Behavioral Center on August 19,2020.

3. "A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job

performance, discourage employees from remaining on the job, or keep them from advancing in their careers. " *See* Harris v. Forklift Systems, Inc., 510 US 17.

4. In April 2020, the Plaintiff who is disabled, applied for employment with Defendant.

5. Plaintiff, who has years of prior work experience in a similar position, commenced employment with Defendant as a Front-end service clerk, bagging groceries as of April 07, 2020, until March 2021.

6. In early July 2020, Plaintiff inquired with Steve Phillips, Store Manager (hereinafter referred to as "Phillips"), in regards the length of employment necessary to be promoted to another position. Plaintiff was advised by Phillips that promotion would occur after two (2) years of employment. Contrary to the statements of Phillips, a new non-disabled employee was promoted after working for Defendant after two (2) weeks—although Plaintiff had more seniority and applied for said position prior to the aforementioned new employee.)

7. Plaintiff then went to Alaina Osborne, Grocery Manager (hereinafter referred to as "Osborne"), with a second request for a promotion within the company. Osborne replied, "No! I don't have any open positions for you!"

8. In August 2020 there was an open position as a Grocery (stock) clerk associate. Plaintiff inquired about the open position on two different occasions once to Osborne and once to Anna Griswold, Front-End Supervisor (hereinafter referred to as "Griswold"). Both requests were denied, and Plaintiff was told that there were no open positions currently available.

9. Specifically, Griswold stated to Plaintiff that he was "too dumb" for that position, and Plaintiff should "just be glad [he has] a job right now."

10. Subsequently, Osbourne hired two new non-disabled employees for that same open position as Grocery Clerks.

11. Further, in retaliation Griswold demoted Plaintiff without notice or cause to a janitorial and sanitation position--scrubbing the floors with a machine and cleaning the restrooms. Similar to the plaintiff in Brady v. Wal-Mart Stores, Inc. when Wal-Mart transferred Brady from the pharmacy to the parking lot on the basis of the plaintiff's disability. *See* Brady v. Wal-Mart Stores, Inc., 531 F. 3d 127.

12. When Plaintiff spoke to Phillips about the reasoning for the demotion, Plaintiff was told the janitor retired and that said janitorial duties were now Plaintiff's responsibility.

13. Subsequently, Plaintiff's regular shift hours were decreased.

14. Thereafter, Griswold hired two (2) new employees for the janitorial and sanitation position and moved the Plaintiff to a front-end service clerk--still without a pay increase.

15. In September 2020, Plaintiff filed an internal complaint with Human Resources Representative Dee McGee (hereinafter referred to as "McGee".) McGee verified that the Plaintiff did meet the qualifications for said Grocery Clerk to which Plaintiff applied.

16. As a result of said internal complaint, Plaintiff was transferred to the Grocery Clerk position; however, Plaintiff was only scheduled for one (1) day a week for 2-3 hours per shift. The Plaintiff was not given any reasonable accommodations for training, no pay increase (which was already below the current position pay grade) and was denied adequate store equipment of the Publix Pro App, a remote device used by the grocery clerk to help locate where items go in store and to help customers search for items. For the remainder of Plaintiff's shift, Plaintiff was scheduled as a Bagger. *See* Holly v. Clairson Industries, LLC, 492 F. 3d 1247.

17. When Plaintiff inquired about more shift hours as Grocery Clerk and proper training on Publix Pro App, McGee changed Plaintiff's shift to three (3) days per week as a Grocery clerk. Still, Plaintiff received no reasonable accommodations for training from September 2020-October 2020.

## DISCRIMINATION

1. Here, due to Plaintiff's disability, Plaintiff needed reasonable accommodations from his employer. The ADA imposes liability on an employer for "not making reasonable accommodations to the *known* physical or mental "limitations" of an employee. 42 U.S.C. § 12112(b)(5)(A) (emphasis added). Because an employee's disability and concomitant need for accommodation are often not known to the employer until the employee requests an accommodation, the ADA's reasonable accommodation requirement usually does not apply unless "triggered by a request" from the employee. Henry Perrett, Jr., 1 *Americans With Disabilities Act Handbook,* § 4.17, at 121 (3d ed.1997) (collecting cases). The employee's request must be "sufficiently direct and specific," giving notice that he needs a "special accommodation." Reed v. LePage Bakeries, Inc., 244 F. 3d 254 - Court of Appeals, 1st Circuit 2001.

2. Plaintiff requested to be transferred back to the Front-end Clerk due to "inability to perform the job adequately." Griswold retaliatorily transferred Plaintiff to a Cashier position at the fast-paced express lane.

3. Plaintiff's disability diagnoses documents are on file with Defendant's human resources; and Plaintiff's requests for reasonable accommodations while in training with a computer-based testing were ignored.

4. Over the course of Plaintiff's employment, Plaintiff was subjected to a hostile work environment, harassed by co-workers and berated with foul language for Plaintiff's inability to perform certain tasks that were beyond Plaintiff's medical restrictions.

5. Although Plaintiff attempted to resolve said hostilities in the workplace with Human Resources, said discriminatory practices and hostile acts persisted.

6. A work environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required. *See* Harris v. Forklift Systems, Inc., 510 US 17.

7. As a result of said hostilities, Plaintiff terminated his employment with Publix Super Markets in March 2021.

**CLAIMS FOR RELIEF**

1. The discriminatory conduct of which Plaintiff's complaint includes:
   a. Unequal treatment for the terms and conditions of Plaintiff's employment.
   b. Failure to reasonably accommodate for Plaintiff's disability.
   c. Failure to promote Plaintiff.
   d. Failure to compensate accordingly.
   e. Emotional distress & harassment.
   f. Retaliation and unjust demotion of employment.

2. It is Plaintiff's best recollection that the alleged discriminatory acts occurred over the months of August 2020 to March 2021.

3. The Defendant is no longer committing these acts against the Plaintiff due to Plaintiff terminating his employment with Defendant in March 2021.

4. Defendant discriminated against Plaintiff based on his Disability. Such alleged conduct violates the Americans With Disabilities Act (ADA).

5. The US Equal Employment Opportunity Commission has adopted the findings of the state or local fair employment practices agency that investigated this charge.

## ADMINISTRATIVE REMEDIES

1. Plaintiff has filed a charge with the US Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct.

2. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter. The Notice of Right to Sue letter was dated on April 21, 2021.

## CERTIFICATION AND CLOSING

Plaintiff certifies to the best of Plaintiff's knowledge, information, and belief that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. S*ee* Harris v. Forklift Systems, Inc., 510 US 1;

2. Is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

3. The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The complaint otherwise complies with the requirements of applicable state law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Compensatory damages for the mental anguish and pain and suffering caused by the discrimination of Plaintiff's disability;

2. Punitive damages for the *discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.* 42 U.S.C. § 1981a(b)(1).

3. For an award of legal costs of this action provided by law and otherwise by court rule; and,

4. For such other and further relief as this honorable Court deems just and equitable.

**RESPECTFULLY SUBMITTED,** this 19th day of July, 2021.

**KEY LEGAL GROUP, P.A.**

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished to the Court to be forwarded to the process server this 19th day of July, 2021 to be served on the registered agent of Publix Supermarkets, Inc. listed below.

Publix Super Markets, Inc.
Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

**KEY LEGAL GROUP, P.A.**

/s/ Adrienne A. Key, Esq., LL.M.
Adrienne A. Key, Esq., LL.M.
Florida Bar No.: 126083
301 West Bay Street, Suite 14164
Jacksonville, Florida 32202
Telephone: 904-834-9327
info@klgfla.com